FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 08, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN C. FOX,<br><br>           Plaintiff,<br><br>    v.<br><br>COUNTY OF BENTON,<br><br>           Defendant. | No.   4:23-CV-5099-TOR<br><br>ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT |

On July 11, 2023, the Court received Plaintiff's *pro se* civil rights complaint. ECF No. 1. Plaintiff, a prisoner currently housed at Stafford Creek Corrections Center, did not pay the filing fee to commence this action as required by 28 U.S.C. § 1914. The Clerk of Court notified him of his deficiencies. ECF No. 2. He then failed to comply with 28 U.S.C. § 1915(a)(2), which requires prisoners who seek to bring a civil action without prepayment of the filing fee to submit a certified copy of their inmate account statement (or the institutional equivalent) for the six months immediately preceding the filing of the complaint.

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 1

On July 27, 2023, Plaintiff submitted an inmate account statement that only shows transactions through May 31, 2023. ECF No. 5.

The Court therefore denies Plaintiff's *in forma pauperis* request as inadequate.

## PRISON LITIGATION REFORM ACT

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 2

baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id*. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

On the basis of these standards, Plaintiff's allegations fail to state a claim upon which relief may be granted.

## BENTON COUNTY

Plaintiff names Benton County as the only Defendant to this action. A municipality or other local governmental entity cannot be held liable under Section 1983 for their employees' acts unless Plaintiff can prove the existence of unconstitutional policies, regulations, or ordinances, promulgated by officials with

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 3

final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

"[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under section 1983." *Monell*, 436 U.S. at 694. While a single decision may satisfy the "policy" requirement, that decision must have been properly made by one of the municipality's authorized decision makers—by an official who "possesses final authority to establish municipal policy with respect to the [challenged] action." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479–81 (1986).

For Plaintiff to state a valid claim against Benton County under Section 1983, he must show either (1) that Benton County engaged in a pattern of failing to properly train its employees and that the failure resulted in a violation of Plaintiff's constitutional rights, or (2) that a single decision was made by an authorized policy maker, as defined by the Supreme Court in *Pembaur*, and that the decision resulted in a violation of Plaintiff's constitutional rights. Here, Plaintiff presents no facts to indicate that Benton County has engaged in a pattern or practice that resulted in the deprivation of his constitutional rights, or that a

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 4

single decision was made by an authorized policy maker that resulted in a violation of his constitutional rights.

## INADEQUATE MEDICAL CARE CLAIM

Plaintiff claims that the Benton County Correctional Facility failed to transport him in 2018 to a medical/mental health facility for stabilization for pre-existing conditions. ECF No. 1. He seeks his medical bills be paid for the rest of his life, a mental health wing built in Benton County Correction Center and $101.00. ECF No. 3.

State law governs the timeliness of a § 1983 claim. *Nance v. Ward*, 142 S. Ct. 2214, 2225 (2022). As such, a § 1983 claim must commence within the statute of limitations for personal injury actions in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Washington, a personal injury action expires at three years. RCW § 4.16.080(2); *see also Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Accordingly, Plaintiff's claim is subject to dismissal as it is beyond the statute of limitations.

In the Ninth Circuit, a pretrial detainee's claim for a violation of the right to adequate medical care arises under the Fourteenth Amendment's Due Process Clause and is evaluated under an objective deliberate indifference standard. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc)).

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 5

The elements of a pretrial detainee's medical care claim are: "(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved–making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon,* 888 F.3d at 1125.

Whether a defendant's conduct is objectively unreasonable "turns on the facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks omitted). The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (internal quotation marks omitted). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*.

Here, Plaintiff names Benton County as the only Defendant to this action. ECF No. 1. Plaintiff has not alleged facts sufficient to meet the objective deliberate indifference standard and, as stated above, he has failed to name a proper Defendant to this action. As presented, Plaintiff's factual allegations are

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 6

insufficient to state a claim upon which relief may be granted against Benton County.

### EXHAUSTION REQUIREMENT

It is not clear whether Plaintiff has exhausted his administrative remedies. A prisoner may not bring a lawsuit with respect to conditions of confinement under Section 1983 unless all available administrative remedies have been exhausted. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005).

Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Jones v. Bock,* 549 U.S. 199, 218 (2007) ("it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Any claim which is not exhausted prior to filing suit is subject to dismissal for failure to exhaust.

### DENIAL OF *IN FORMA PAUPERIS* STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 7

The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. The Court hereby denies Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. §1915(e)(2)(B).

2. Plaintiff's *in forma pauperis* request is **DENIED.**

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order, enter judgment of dismissal without prejudice, forward a copy to Plaintiff, and **CLOSE** the file.

**DATED August 8, 2023**.



THOMAS O. RICE
United States District Judge

ORDER DENYING *IN FORMA PAUPERIS* STATUS AND DISMISSING COMPLAINT ~ 8